# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NANCY G. ROMINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-18-278-BMJ |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Nancy G. Romine, brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's final decision finding she was not disabled under the Social Security Act. The parties have consented to the exercise of jurisdiction over this matter by a United States Magistrate Judge. *See* 28 U.S.C. § 636(c). The Commissioner has filed the Administrative Record (AR) [Doc. No. 10], and both parties have briefed their respective positions.[1] For the reasons stated below, the Court reverses the Commissioner's decision and remands the matter for further proceedings.

## I. Procedural Background

On July 17, 2015, Plaintiff protectively filed an application for disability insurance benefits. *See* AR 18. The Social Security Administration denied the application initially and on reconsideration. AR 93, 118. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision dated November 14, 2017. AR 15-31. The Appeals Council denied Plaintiff's request for review. AR 3-9. Thus, the decision of the ALJ became the final decision of

---

[1] Citations to the parties' submissions reference the Court's CM/ECF pagination.

the Commissioner. *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011). Plaintiff seeks judicial review of this final agency decision.

II.     **The ALJ's Decision**

The ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining five-step sequential evaluation process); *see also* 20 C.F.R. § 404.1520. The ALJ first determined Plaintiff had not engaged in substantial gainful activity since April 1, 2013, her alleged onset date. AR 21.

At step two, the ALJ determined Plaintiff suffered from the severe impairments of diabetes, morbid obesity, and left knee degenerative joint disease. *Id.*[2] At step three, the ALJ found Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 22.

The ALJ next determined Plaintiff's residual functional capacity (RFC), concluding that "[Plaintiff] has the residual functional capacity to perform a full range of light work as defined in 20 CFR 404.1567(b)." AR 22-24. Relying on the testimony of a vocational expert, the ALJ then found Plaintiff could perform her past relevant work as a tax auditor. AR 25-26. The ALJ concluded, therefore, that Plaintiff was not disabled for purposes of the Social Security Act. AR 26.

III.    **Issues Presented for Judicial Review**

Plaintiff contends the ALJ erred by failing to acknowledge and/or evaluate Plaintiff's migraines and depression, improperly weighing a treating source opinion, and engaging in a

---

[2] The ALJ also found Plaintiff sought treatment for the non-severe impairments of essential hypertension, urinary tract problems, COPD, high cholesterol, neuropathy, urinary calculi, nuclear sclerotic bilateral cataracts, cellulitis of the left toes, ingrown toenail, and minimal mild left foot degenerative joint disease. *Id.*

2

defective symptom analysis. The Court finds that the ALJ erred by failing to consider Plaintiff's migraines and does not reach the merits of the remainder of her arguments.

IV. <u>**Standard of Review**</u>

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

V. <u>**Analysis**</u>

**A. The ALJ Erred by Failing to Consider Plaintiff's Migraine Headaches**

Plaintiff alleges the ALJ improperly failed to address Plaintiff's migraine headaches. The record includes many references to Plaintiff's migraine headaches. On her disability report, Plaintiff identified "chronic migraines" as a condition which limited her ability to work. AR 207. She also noted that she was prescribed Imitrex by Dr. M. Lindsay Maidt, M.D. for migraines. AR

3

210. Further, Plaintiff submitted an updated list of medications on July 19, 2017 indicating the continued use of Imitrex for migraines "as needed." AR 292.

Additionally, Plaintiff's medical records list migraines in a list of Plaintiff's "problems" and indicate that Plaintiff was prescribed sumatriptan.[3] AR 316, 318-319, 321, 323-324, 336, 358, 393, 400, 405, 411, 413, 453, 457, 459. At the hearing, the ALJ asked Plaintiff if she had migraine headaches. AR 44. Plaintiff answered affirmatively, testifying that she had migraines between two-to-four times per month, lasting between three and six hours at a time. *Id.* Dr. Maidt noted Plaintiff's diagnosis of migraines on 2016 Physical Capacities Evaluation form. AR 274. In 2017, Dr. Maidt also opined that migraines, among other impairments, contributed to Plaintiff's need to be absent from work three-or-more times per month. AR 475. Notwithstanding the many references to Plaintiff's migraines in the medical record, the ALJ did not identify migraines as either a severe or nonsevere impairment. AR 21-22. Indeed, Plaintiff's migraines are not addressed at all in the decision. AR 18-26.

The Commissioner responds that "the ALJ properly focused on the impairments for which Plaintiff sought disability and for which she had been examined and received treatment during the relevant period." Def.'s Br. 8. As shown above, this argument amounts to a false characterization of the record. The Commissioner also argues that Plaintiff failed to prove that her migraines were medically determinable impairments and, as a result, the ALJ was not under an obligation to evaluate them when formulating the RFC. Def.'s Br. 6-8. She contends that "the medical evidence shows that no qualified medical professional diagnosed Plaintiff with migraine headaches." *Id.* at 7. The record belies the Commissioner's argument. As noted above, Plaintiff was prescribed

---

[3] "The branded name of sumatriptan nasal spray is Imitrex," the medication Plaintiff identified as being prescribed for migraines. *Impax Labs., Inc. v. Lannett Holdings Inc.*, 246 F. Supp. 3d 1024, 1032 (D. Del. 2017), *aff'd*, 893 F.3d 1372 (Fed. Cir. 2018).

medication for migraines and Dr. Maidt specifically referenced a diagnosis of migraines in his 2016 Physical Capacities Evaluation Form. It is unclear from the decision as to whether the ALJ found that Plaintiff's migraines were not a medically determinable impairment or he simply forgot to analyze the condition. Nevertheless, to the extent the ALJ determined that Plaintiff's migraines were not a medically determinable impairment, the determination is not supported by substantial evidence. *See Murdock v. Colvin*, No. 15-CV-00714-MEH, 2016 WL 1059471, at *1-5, *8 (D. Colo. Mar. 17, 2016) (finding Plaintiff's migraine headaches medically determinable when contained in multiple medical reports).[4]

The ALJ must consider all impairments when formulating the RFC.[5] *See Wells v. Colvin*, 727 F.3d 1061, 1069 (10th Cir. 2013) ("In his RFC assessment, the ALJ must consider the combined effect of *all* medically determinable impairments, whether severe or not."). Picking and choosing from the record is an impermissible practice and one necessitating remand. *See Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (finding an ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other

---

[4] The Commissioner also argues that Dr. Maidt's treatment notes reflect that Plaintiff did not complain about headaches and they contain no clinical examination findings or diagnostic test results to support a finding that her migraines existed or caused additional functional limitations. Def.'s Br. 7. However, "many courts have noted that migraines present a particular difficulty at step two." *Walker v. Colvin*, No. 1:12-CV-235-EJF, 2014 WL 794261, at *7 (D. Utah Feb. 27, 2014) (collecting cases). In *Walker*, the court noted that "because no test exists for migraine headaches, the ALJ could not rely solely on the absence of objective evidence to support a finding that the claimant's migraines did not constitute a severe medically determinable impairment." *Id.* (*citing Federman v. Chater*, No. 95 Civ. 2892(LLS), 1996 WL 107291, at *2 (S.D.N.Y. Mar. 11, 1996)).

[5] Plaintiff also asserted the ALJ's failure to reference Plaintiff's migraines was an error at step two. But where, as here, the ALJ finds a severe impairment at step two and continues with the analysis, any error in not rating a particular impairment as severe is harmless. *See Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016) (finding that a claimant need only establish, and an ALJ need only find, one severe impairment" to proceed to step three). Thus, the Court does not find reversible error at step two.

evidence."); *see also Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (holding that an ALJ need not "discuss every piece of evidence" but "must discuss the uncontroverted evidence he chooses not to rely on as well as significantly probative evidence he rejects."). Here, the ALJ failed to discuss Plaintiff's migraines when formulating the RFC, which amounts to reversible error. *See Elliott v. Astrue*, 507 F. Supp. 2d 1188, 1194–95 (D. Kan. 2007) (finding that any analysis or findings the court might make [with regard to impairments the ALJ did not discuss] would be mere speculation regarding the ALJ's analysis. Therefore, remand is necessary . . . ."); *see also Murdock* 2016 WL 1059471, at *8 ("[W]ithout any indication from the ALJ as to whether he considered Plaintiff's mental impairments or migraines, the Court cannot determine whether the RFC takes such impairments into account. Therefore, the Court must conclude such omissions are reversible error under prevailing law."). *Hammack v. Colvin*, No. CIV-12-83-SPS, 2013 WL 956981, at *3 (E.D. Okla. Mar. 12, 2013) (finding reversible error for not discussing migraine headaches "because the ALJ entirely failed to account for the claimant's migraine headaches . . . in assessing her RFC").

For the reasons stated above, remand is necessary.

### B. Plaintiff's Depression

Plaintiff also contends the ALJ failed to consider her depression in the opinion. Pl.'s Br. 12-16. Whether Plaintiff's depression amounts to a medically determinable impairment necessitating discussion in the opinion is a closer question than her migraines. Dr. Maidt lists depression as an issue at two 2012 visits, prior to the alleged onset date. AR 338-339. Further, Plaintiff's medical records indicate celexa, or its generic name citalopram, was prescribed for depression before and during her alleged period of disability. AR 316, 321, 324, 338-339, 358, 453. Dr. Maidt also lists depression as a condition which contributes to his opinion that Plaintiff

may need to miss days of work. AR 475. On the other hand, Plaintiff does not list celexa or citalopram on her Disability Report or her updated medication list as of July 19, 2017. AR 210, 292. Plaintiff also did not list depression as a medical condition that limits her ability to work on her Disability Report. AR 207, 210. Finally, two state agency doctors found that Plaintiff did not have a medically determinable mental impairment.[6] AR 98, 112. Given that the parties have presented conflicting evidence on the issue, the ALJ may find it beneficial to make a determination as to whether Plaintiff's depression amounts to a medically determinable impairment.

### C. The Court Does Not Reach Plaintiff's Remaining Points of Error

Plaintiff argues that her migraines should have been considered at Step Three. The Court does not make a finding as to whether or not Plaintiff's migraines were severe, and the ALJ is only required to consider the impairment at Step Three if he makes such a finding. *See Pritchett v. Astrue*, 220 F. App'x 790, 792 (10th Cir. 2007) (unpublished). Thus, the ALJ's analysis may be affected on remand after the ALJ properly considers Plaintiff's migraines. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) (finding the court need not reach the merits of claims that "may be affected by the ALJ's treatment of the case on remand").

Likewise, the ALJ's consideration of the medical opinion evidence as well as the consideration of Plaintiff's symptoms may be affected by the consideration of Plaintiff's migraines.

## VI. Conclusion

For the reasons set forth, the Court reverses the decision of the Commissioner and remands the matter for further proceedings consistent with this Memorandum Opinion and Order.

---

[6] The ALJ, however, did not weigh these opinions.

ENTERED this 15th day of October, 2018.

                                                     _____
                                                     BERNARD M. JONES
                                                     UNITED STATES MAGISTRATE JUDGE